UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**BRIAN A. LEVESQUE and**
**BRENDA D. LEVESQUE,**                    Chapter 7
    Debtors                                Case No. 07-17943-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

**I. INTRODUCTION**

The matter before the Court is the "Objection of Chapter 7 Trustee to Debtors' Claims of Exemption in Three Insurance Policies." The Debtors filed a Response to the Trustee's Objection, and the Court heard the matter on July 30, 2008. At the hearing, the Trustee represented that two, not three, life insurance policies were at issue and that because the polices at issue can be surrendered for cash they are not properly claimed as exempt by Brian A. Levesque and Brenda D. Levesque (the "Debtors"). The issue presented by the Trustee's Objection is whether under Massachusetts law, the Trustee sustained his burden of establishing that the Debtors improperly claimed exemptions in the policies.

1

## II. BACKGROUND

The Debtors filed a voluntary Chapter 7 petition on December 14, 2007, together with their Schedules and Statement of Financial Affairs. On Schedule B-Personal Property, the Debtors listed the two insurance policies at issue as "Whole life insurance policy with MetLife, policy ending in 289" with a value of $9,492.35 and "Whole life insurance policy with MetLife, policy ending in 290" with a value of $4,223.75. On C-Property Claimed as Exempt, the Debtors claimed the two life insurance polices, which were, in fact, issued by New England Mutual Life Insurance Company, not MetLife, as exempt. In claiming the policies as exempt, the Debtors cited Mass. Gen. Laws ch. 175, §§ 125 and 126. The Trustee, having sought and obtained extensions of time to object to the Debtors' claimed exemptions, filed a timely Objection.

The Debtor, Brian Levesque, is the insured on policy ending in 289, dated April 5, 1990, with a face amount of $35,000. The Debtor, Brenda Levesque, is the insured on the policy ending in 290, also dated April 5, 1990, in the face amount of $25,000. Except for the face amount, the policies are identical in all material respects. Brenda Levesque identified her husband as the primary beneficiary on her policy; Brian Levesque designated his wife as the primary beneficiary on his policy.

The policies contain the following pertinent provisions:

**Claims of Creditors**
The Policy and payments under it will be exempt from the claims of creditors to the extent allowed by law.

**Surrender of the Policy**
You can surrender the Policy for its Net Cash Value at any time by notice to

2

the Company in writing. Upon surrender, the Policy will terminate. The Net Cash Value will be paid to you in one sum, unless you elect in writing to apply all or part of the Value to any Payment Option. . . .

**Policy Loans**
You can borrow all or part of the Loan Value of the Policy from time to time by written application to the Company. Policy Loans are made on the sole security of the Policy. The amount available to be borrowed at any time is equal to the Loan Value less and Policy Loan Balance at the time. Policy Loans may be charged automatically against the Policy to pay premiums. . . .

**Loan Value**
The Loan Value of the Policy is the amount which with loan interest will equal the Cash Value of the Policy and of any Paid-Up Additions on the next loan interest due date, whichever is the smaller amount . . . .

**Change of Plan**
You can exchange this Policy, if it has not lapsed, for a policy on another plan of insurance.

**Owner**
The Owner of the Policy is named in the Application. . . . However, the Owner can be changed from time to time. The new Owner will succeed to all of the rights of the Owner, including the right to make a further change of Owner. . . .

**Beneficiary**
The Beneficiary is named in the Application. However, the Beneficiary can be changed from time to time before the death of the Insured. The Beneficiary has no rights in the until the death of the Insured. . . .

**Change of Owner or Beneficiary**
A change of Owner or Beneficiary must be in written form satisfactory to the Company, and must be dated and signed by the Owner who is making the change. . . .

**Assignments**
An absolute assignment of the Policy by the Owner is a change of Owner and Beneficiary to the assignee. A collateral assignment of the Policy by the Owner is not a change of Owner or Beneficiary; but their rights will be subject to the terms of the assignment. . . .

**III. DISCUSSION**

    A. Arguments

The Trustee argues that the provisions of the policies entitle him to administer them as assets of the Debtors' bankruptcy estate. Citing In re Sloss, 279 B.R. 6 (D. Mass. 2002), he states:

> [A]lthough the Massachusetts exemption statutes create an exemption as against claims of the creditors, both New England policies fail to insulate the cash value of the life insurance policy from the owner, insured or beneficiary's creditors and accordingly, in the context of a joint filing, the bankruptcy estate should include the cash value of the policies as a non-exempt assets of the owners-beneficiaries.

The Debtors distinguish Sloss by noting that it involved an exemption claimed under Mass. Gen. Laws ch. 175, § 119A. They add that the beneficiaries under the policies have not changed since the policies were issued.

    B. Applicable Law

Sections 125 Mass. Gen. Laws ch. 175 provide in relevant part the following:

**§ 125 Creditors or beneficiaries; rights**

*If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person;* provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or on behalf of a creditor, of a claim to recover for certain premiums paid in fraud of creditors, with specification of the amount claimed. *No court, and no trustee*

4

*or assignee for the benefit of creditors, shall elect for the person effecting such insurance to exercise such right to change the named beneficiary.*

Any person to whom a policy of life or endowment insurance, issued subsequent to April eleventh, eighteen hundred and ninety-four, is made payable may maintain an action thereon in his own name.

Mass. Gen. Laws. ch. 175, § 125 (emphasis supplied). Section 126 of Mass. Gen. Laws ch. 175 provides the following:

**§ 126. Married woman; beneficiary under insurance contract**

Every policy of life or endowment insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, and whether or not the right to change the named beneficiary is reserved by or permitted to the person effecting such insurance, shall enure to her separate use and benefit, and to that of her children, subject to the provisions of section one hundred and twenty-five relative to premiums paid in fraud of creditors and to sections one hundred and forty-four to one hundred and forty-six, inclusive. No court, and no trustee or assignee for the benefit of creditors, shall elect for the person effecting such insurance to exercise such right to change the named beneficiary.

Mass. Gen. Laws ch. 175, § 126.

C. <u>Analysis</u>

In <u>In re Perry</u>, 357 B.R. 175 (B.A.P. 1st Cir. 2006), the United States Bankruptcy Panel for the First Circuit set forth the exemption scheme under the Bankruptcy Code and considered the burden of proof in the context of an objection to the debtor's claimed homestead exemption. It stated:

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for

> distribution to creditors, and § 522(b) allows debtors to choose between the federal bankruptcy exemptions listed in § 522(d), or the exemptions provided by their state of residence together with those provided by federal, nonbankruptcy law. *See* 11 U.S.C. § 522. If a state has "opted out" of the federal exemption scheme, its resident debtors are restricted to the latter option. Massachusetts permits its debtors to elect between the state and federal exemption alternatives . . . An exemption claim is prima facie valid, absent a timely objection. *See* McNeilly v. Geremia (In re McNeilly), 249 B.R. 576, 579 (1st Cir. BAP 2000). As the objecting party, the Trustee had the burden of proving that the Debtor was not entitled to the claimed exemption. *See* Fed. R. Bankr. P. 4003(c). . . .

375 B.R. at 177-78 (footnotes omitted).[1]

This Court need not write on a blank slate with respect to the whole life insurance policies that the Debtors have claimed as exempt. Six years ago, the court in Sloss considered Mass. Gen. Laws ch. 175, §§ 125 and 126 in the context of a trustee's objection to the debtor's claimed exemptions in a number of whole life insurance policies with provisions similar to those present in the New England Mutual Life policies at issue in this case. *See generally* Sloss, 279 B.R. at 10-11 ('[t]he owner retains the right to change the beneficiary or even assign ownership in the policy."). After rejecting the applicability of Mass. Gen. Laws ch. 175, § 119A, the court summarized the provisions of section 125:

> The availability of the § 125 exemption is limited by two caveats. First, any policy premiums paid in fraud of creditors will not be protected by the exemption. Second, the protected beneficiary must be part of the class designated in the statute. Section 125 does not protect all beneficiaries; only those originally named at the time the policy was first "effected." Id. at 14 (citing Bailey v. Wood, 202 Mass. 562, 565, 89 N.E. 149, 150 (1909); McCarthy v. Griffin, 299 Mass. 309, 311, 12 N.E.2d 836, 837 (1938); and In re CRS Steam,

---

[1] Rule 4003(c) provides: "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c).

6

Inc., 217 B.R. 365, 369 (Bankr. D. Mass.1998)). The court added: "[t]hose who claim the protections of § 125 but became beneficiaries after the policy was issued cannot prevail."

Id. (citing McCarthy, 299 Mass. at 311, 12 N.E.2d at 837).

In addition to parsing the statutory language of section 125, the court in Sloss noted that section 126 "operates to protect a married woman's interest as a beneficiary from the insured's creditors. . ." and "affords greater protections to a beneficiary who is a married woman, as the exemption is available regardless of whether the policy was originally 'effected' with her as a beneficiary." Id. (citations omitted).

The court in Sloss next turned to the "quandary" presented by the statutes' focus on the rights of beneficiaries as opposed to the rights of policy owners. It observed:

> Applying those sections to whole life insurance policies which, on the one hand, offer death proceeds to beneficiaries and on the other, provide guaranteed policy values to owners, presents a certain quandary. What is the effect of these beneficiary exemptions upon the separate cash value interests held by the owner-insured of a life insurance policy?

Id. at 15. The court resolved the issue as follows:

> . . . Massachusetts courts have concluded that in order to fully protect a beneficiary's interest in a life insurance policy, §§ 125 and 126 should be construed to exempt the cash surrender value held by the owner.

Id. (citations omitted).[2] The court then held that "if a beneficiary's interest is protected by

---

[2] The court explained:

> The Rosenberg case, decided by the Massachusetts Supreme Judicial Court, was the first to apply the then newly amended statutes. Rosenberg, 289 Mass. at 405, 194 N.E. at 292. In attempting to reach and apply the cash surrender value of the policy that named the insured's wife and child

7

§§ 125 or 126, the cash surrender value of the policy is protected and exempt from the bankruptcy estate as well." Id.

Based upon the foregoing authorities, the Court concludes that the Trustee failed to establish that the Debtors improperly claimed the life insurance policies as exempt. As reciprocal beneficiaries of the policies at issue, the Court finds that the Debtors are entitled to the protections afforded them by Mass. Gen. Laws ch. 175, §§ 125 and 126. The Court acknowledges that, if the terms of the policies were contained in a trust instrument, the Trustee most likely be able to obtain a determination that the trust res was property of the estate. *See generally* In re Tosi, 383 B.R 1 (Bankr. D. Mass. 2008). The statutes upon which the Debtors rely to claim the life insurance polices exempt, however, specifically address the very issues present here, namely whether a creditor, or a trustee standing in the shoes of a creditor, can obtain the insurance proceeds to the detriment of the beneficiary. Sections 125 and 126 of chapter 175 prevent just such a result absent fraud on creditors, which the Trustee did not allege.

---

> as beneficiaries, the plaintiff-creditor conceded, and the court peripherally acknowledged, that the newly amended §§ 125 and 126 prevented creditors from forcing the debtor-insured to surrender the policy for cash. Id. at 406, 194 N.E. at 293. In the Beach case, a bankruptcy case decided by the United States District Court for the District of Massachusetts under the former Bankruptcy Act, and in CRS Steam, a bankruptcy case decided by former Bankruptcy Judge Queenan under the Bankruptcy Code, the Rosenberg decision was ruled conclusive. . . .

279 B.R. at 15.

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order overruling the Trustee's Objection.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 21, 2008
cc: Jenny L. Redden, Esq., Stephen E. Shamban, Esq., Matthew Swanson, Esq., Brian R. Lewis, Esq.